# In the United States Court of Federal Claims

**NOT FOR PUBLICATION**

No. 21-1532C
(Filed: February 13, 2023)

| | |
|---|---|
| **MELTECH CORPORATION, INC.**, | ) |
| *Plaintiff*, | ) |
| v. | ) |
| **UNITED STATES**, | ) |
| *Defendant*. | ) |

*Leonard A. Sacks*, Leonard A. Sacks & Associates, P.C., Rockville, MD, for plaintiff. *Fred A. Mendicino*, Faughnan Mendicino PLLC, Dulles, VA, Of Counsel.

*Matthew J. Carhart*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington DC, for defendant, with whom on the briefs were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Patricia M. McCarthy*, Director, *Deborah A. Bynum*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington DC. *Adam J. Kwiatkowski*, Assistant District Counsel, U.S. Army Corps of Engineers, Baltimore, MD, Of Counsel.

## TRANSFER ORDER

On or about September 29, 2014, the United States Army Corps of Engineers (USACE) awarded plaintiff Meltech Corporation, Inc. a $10.5 million design-build contract to renovate military barracks located in Fort Meade, Maryland. In the course of contract performance, Meltech submitted three certified claims dated August 31, 2017, April 9, 2020, and June 9, 2021. The contracting officer denied the certified claims on July 6, 2018, July 2, 2020, and July 12, 2021, respectively. Meltech appealed the denials of the first and third certified claims to the Armed Services Board of Contract Appeals (ASBCA or Board). Meltech appealed the denial of the second certified claim to this Court. On January 27, 2023, the Court directed the parties to show cause why this case should not be transferred to the

ASBCA pursuant to 41 U.S.C. § 7107(d).[1]  *See* ECF No. 17.  Both parties timely responded on February 9, 2023.  *See* ECF Nos. 17–18.  For the reasons set forth below, transfer of this action is in the interest of justice.

Relevant here, the first certified claim seeks reimbursement of $350,978 and a 150-day contract extension for an alleged differing site condition involving the structural integrity of the military barracks' existing concrete.  Through discovery in the ASBCA proceedings, Meltech claims to have uncovered evidence demonstrating the USACE possessed–but failed to disclose–superior knowledge regarding the structural condition of the subject site.  Accordingly, on January 10, 2020, Meltech sought to amend its ASBCA complaint to add claims of superior knowledge and breach of good faith and fair dealing.  On June 11, 2020, the Board denied Meltech's motion to pursue the additional causes of action citing Meltech's failure to present them in the August 31, 2017 certified claim to the contracting officer.

In the interim, on April 9, 2020, Meltech filed the second certified claim with the contracting officer based on the USACE's alleged withholding of superior knowledge.  Although the phrase "good faith and fair dealing" does not appear in Meltech's second certified claim, in describing its "simple claim" (notably singular), Meltech explains the contractor "suffered damages based on the USACE['s] failure to disclose its superior knowledge *or* to allow Meltech to perform destructive testing for many months *without good cause*."  *See* ECF No. 1-2 at 1 (emphasis added).  In the April 9, 2020 certified claim, Meltech claimed entitlement to the same amount of increased costs included in the first certified claim (i.e., $350,978), but extended the claimed government-caused delay from 150 days to 283 days.  *See id.*  As noted above, the contracting officer denied the second certified claim on July 2, 2020.

Rather than appeal the contracting officer's July 2, 2020 decision to the ASBCA within the agency board's 90-day statutory deadline, *see* 41 U.S.C. § 7104(a), Meltech filed the instant suit on July 1, 2021, i.e., one day shy of the Court's one-year statutory deadline.  *See id.* § 7104(b)(3).  In the complaint filed in this Court, Meltech asserts alternative theories of recovery based on USACE's alleged withholding superior knowledge and the agency's alleged breach of good faith and fair dealing.  Meltech seeks $2.4 million in damages–an amount not included in either of Meltech's certified claims.

Shortly after the complaint was filed in this Court, the parties jointly requested a nearly year-long stay to allow the ASBCA to resolve Meltech's appeals, representing: "In light of the factual overlap between the case before the [ASBCA] and the case before this Court, the parties expect that the board's decision will likely narrow the factual issues that this Court must decide, if the board's decision does not dispose of the case entirely."  *See* ECF No. 5 at 3; *accord* ECF No. 7 at 1 ("As the parties previously explained, Meltech is currently pursuing claims before

---

[1] This case was transferred to the undersigned for adjudication on January 4, 2023, pursuant to Rule 40.1(b) of the Rules of the United States Court of Federal Claims.  *See* ECF Nos. 14–15.

the Armed Services Board of Contract Appeals that overlap with the claims it brought before this Court."). The stay remained in effect until June 14, 2022; the following day, the Court granted the parties' joint request for a briefing schedule on defendant's motion to dismiss. *See* ECF Nos. 9–10.

On September 15, 2022, defendant moved to dismiss Meltech's complaint or, in the alternative, to stay this case pending final disposition of the ASBCA appeals. *See* ECF No. 11. Defendant argues Meltech's allegations constitute impermissible claim splitting. At a minimum, defendant seeks to dismiss Meltech's claims insofar as they allege a breach of good faith and fair dealing and request damages in excess of $350,978 due to Meltech's failure to present the issues to the contracting officer. Defendant alternatively requests that the Court stay this matter until the Board proceedings conclude and then dismiss the complaint based on issue preclusion. *See id.* at 46 ("It is unnecessary to expend resources litigating this case when the case may be substantially narrowed, if not entirely dispose of, by the board's final judgment."). Although disagreeing with defendant's position regarding issue preclusion, Meltech does not oppose a stay and "agrees that a final decision by the Board would limit the scope of disputed facts and shorten the overall duration of any future proceedings before this Court." *See* ECF No. 12 at 36.

Title 41, United States Code, Section 7107(d) provides:

> If 2 or more actions arising from one contract are filed in the United States Court of Federal Claims and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the United States Court of Federal Claims may order the consolidation of the actions in that court or transfer any actions to or among the agency boards involved.

41 U.S.C. § 7107(d). Although not conclusively decided, the weight of authority strongly suggests Meltech's timely appeal to this Court vests derivative jurisdiction in the ASBCA to adjudicate the merits of Meltech's April 9, 2020 certified claim following a § 7107(d) transfer. *See Glenn v. United States*, 858 F.2d 1577, 1580–81 (Fed. Cir. 1988); *Southwest Marine, Inc. v. United States*, 680 F. Supp. 327, 329–30 (N.D. Ca. 1988); *see, e.g., also Suffolk Constr. Co., Inc. v. Gen. Servs. Admin.*, CBCA 4377, 16-1 BCA ¶ 36,476; *but see Nova Grp./Tutor-Saliba v. United States*, 127 Fed. Cl. 591, 595–96 (2016). Nothing in § 7107(d) limits this Court's transfer authority to complaints filed within 90 days of the contracting officer's decision. *See Glenn*, 858 F.3d at 1581 (predecessor statute did not limit Court of Federal Claims' transfers to complaints filed within 90 days of contracting officer's decision).

In assessing whether the transfer of this action to the ASBCA under § 7107(d) would facilitate the just and efficient resolution of the underlying disputes, the Court traditionally considers the following factors:

3

> (1) Whether the dispute before the board and the court concern the same contract; (2) whether the claims before the court and the board duplicate claims or have overlapping and related issues; (3) whether plaintiff initially chose to appeal its claims before a court or a board; (4) whether one forum or the other has already made significant progress on the claims; (5) whether concurrent resolution would result in an inefficient allocation of the court's, board's, or party's resources; (6) whether separate forums would reach inconsistent results.

*Avant Assessment, LLC v. United States*, 134 Fed. Cl. 323, 332–33 (2017) (quoting *Morse Diesel Int'l, Inc. v. United States*, 66 Fed. Cl. 801, 804 (2005) (citing *Giuliani Contracting Co. v. United States*, 21 Cl. Ct. 81, 83 (1990))). There is no serious debate that these factors support transferring this action to the ASBCA.

Meltech's appeals to the ASBCA and the complaint filed in this Court concern the same contract. As outlined above, the claims before the Court overlap with and relate to the issues pending before the Board (i.e., USACE's representations regarding the structural integrity of the military barracks' existing concrete). Regarding the initial choice of forum, prior to commencing this action, Meltech sought to litigate its superior knowledge and breach of good faith and fair dealing claims in the ASBCA by amending its complaint. It was during the pendency of that motion, opposed by the government, that Meltech filed the April 9, 2020 certified claim at issue in this case.

Turning to comparative progress, the Board has devoted substantial resources and made significant progress in the related appeals, including overseeing extensive discovery and conducting hearings, with post-hearing briefing presently underway. A search of the ASBCA website reveals fifteen (15) consolidated appeals filed by Meltech under the same USACE contract at issue here. *See Meltech Corp.*, ASBCA Nos. 61706 & 61768, at *1 & n.1 (Dec. 17, 2021). In contrast, at the parties' joint request, the proceeding before this Court has been effectively stayed since its filing to allow the related Board proceedings to conclude. Indeed, defendant's pending motion to dismiss or continue to stay these proceedings is also predicated on the parallel ASBCA proceedings. To allow concurrent or consecutive adjudication of intricately related claims before the Board and the Court would constitute an inefficient use of judicial resources and risk inconsistent results. Transfer of this case to the ASBCA alleviates these concerns.

In arguing against transfer, defendant cites Meltech's failure to include its good faith and fair dealing contention and request for damages in excess of $350,978 in its April 9, 2020 certified claim. Upon this premise, defendant maintains that the Court and the Board similarly lack jurisdiction over these claims and, as such, a transfer would be futile. Without endorsing the argument or deciding the issue, it remains to be determined whether

Meltech's April 9, 2020 certified claim sufficiently noticed a good faith and fair dealing assertion. As for the potential limitation on damages, the issue is secondary to a liability finding. On both counts, the ASBCA stands in a better position to assess Meltech's claims given the extensive proceedings already conducted before the Board.

In turn, Meltech argues that the proceedings before the ASBCA have progressed too far for the issues raised in this action to effectively catch up. Meltech's contention highlights the institutional knowledge advantage the Board possesses over the Court regarding the USACE contract at issue and the arguments presented by the parties. Finally, citing *Nova Grp./Tutor-Saliba*, Meltech avers that a § 7107(d) transfer risks forfeiting the claims included in the contractor's April 9, 2020 certified claim. The Court finds the argument unpersuasive. As noted above, in *Glenn*, the Federal Circuit sanctioned the transfer of actions filed in this Court between 91 days and one year of the contracting officer's decision under the predecessor statute to § 7107(d), vesting the Board with derivative jurisdiction. *See* 858 F.2d at 1580–81. Moreover, as in *Glenn*, the issues pending before the Court and the Board are interrelated, meriting transfer and consolidation.

For the foregoing reasons,

(1) Defendant's Motion to Dismiss (ECF No. 11) is **DENIED** as Moot;

(2) This matter is **TRANSFERRED** to the Armed Services Board of Contract Appeals pursuant to 41 U.S.C. § 7107(d); and

(3) The Clerk of Court is directed to **TRANSFER** this case to the Armed Services Board of Contract Appeals by **mailing** a certified copy of this order and a copy of the docket sheet in this matter to:

>  Armed Services Board of Contract Appeals
>  Skyline 6 – Room 703
>  5109 Leesburg Pike
>  Falls Church, VA 22041-3208

It is so **ORDERED**.

s/ Armando O. Bonilla
Armando O. Bonilla
Judge
